**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

WESLEY BLAKE SEGARS, POWER )
OF ATTORNEY FOR BEUNA )
SEGARS, SURVIVING WIFE OF )
DENNIS L. SEGARS; REBECCA )
SEGARS REYNOLDS AND VICKI )
LAKE, AS SURVIVING CHILDREN OF )
DENNIS SEGARS; and REBECCA )
SEGARS REYNOLDS AND LAWREN )
PAGAN, AS ADMINISTRATORS OF )
THE ESTATE OF DENNIS SEGARS,    )    Civil Action No. 1:12-CV-029
)
      Plaintiffs,    )
)
    v.    )
)
UNITED STATES OF AMERICA,    )
)
      Defendant.    )

---

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

---

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person,

other than the defendant and the attorneys, signing this Stipulation for Compromise Settlement

and Release of Federal Tort Claims Pursuant to 28 U.S.C. § 2677 (the "Agreement"), whether or

not a party to this civil action), and the United States of America, by and through their respective

attorneys, as follows:

1.  The parties hereby agree to settle and compromise each and every claim of any kind,

whether known or unknown, arising directly or indirectly from the acts or omissions that gave

rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2.  The United States of America agrees to pay the sum of $250,000.00 (to be

apportioned in Plaintiffs' sole discretion), which sum shall be in full settlement and satisfaction

1

of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

    3.   Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Agreement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.   Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4.   This Agreement for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.   It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6.   It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7.   The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.   In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense.   Plaintiffs agree to obtain such approval in a timely manner: time being of the essence.   Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner.   In the event plaintiffs fail to obtain such Court approval, the entire Agreement are null and void.

8.   Payment of the settlement amount will be made by government wire transfer as per the following:

|   |   |   |
|---|---|---|
| A. | Name of Bank: | ███████████████████. |
| B. | Street Address of Bank: | ██████████ |
| C. | City, State and Zip Code of Bank: | ████████████ |
| D. | Federal Reserve Number: | ██████ |
| E. | Routing Number: | ██████ |
| F. | Name of Account: | ███████████████ |

G.   Account Number:   ████████

Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10.   It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

[signatures to follow]

4

THE UNITED STATES OF AMERICA

DATED: 6/2/2015        BY: _____
                           SHANNON H. STATKUS

                           Deputy Chief, Civil Division
                           Assistant United States Attorney
                           Southern District of Georgia
                           Attorney for the United States of America

DATED: 6/8/2015        BY: _____
                           J. THOMAS CLARKSON

                           Assistant United States Attorney
                           Southern District of Georgia
                           Attorney for the United States of America

**PLAINTIFFS**

DATED: _5/15/15_          BY: _____
                              WESLEY BLAKE SEGARS

DATED: _5/15/15_          BY: _____
                              REBECCA SEGARS REYNOLDS

DATED: _5/27/2015_        BY: _____
                              VICKI LAKE

DATED: _5/15/15_          BY: _____
                              REBECCA SEGARS REYNOLDS

DATED: _5/17/15_          BY: _____
                              LAWREN PAGAN

DATED: _6/2/15_           BY: _____
                              BRADLEY J. SURVANT

                              Reynolds, Horne & Survant
                              Attorney for Plaintiffs

6